UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

    Plaintiff,                                              Hon. Janet T. Neff

v.                                                       Case No. 1:09 CV 176

PATRICIA CARUSO, et al.,

    Defendants.
_____/

## AMENDED REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Caruso, Armstrong, Smith, Norwood, Wyma, Sanchez, and Klinesmith's Renewed Motion for Summary Judgment. (Dkt. #48). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied in part**.

## BACKGROUND

Plaintiff initiated this action on March 2, 2009, against seven individuals alleging violations of his First Amendment right to freely exercise his religion, Fourteenth Amendment right to equal protection, First Amendment "right to the redress of grievances," and his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). On January 20, 2010, the undersigned recommended that Defendants' motions for summary judgment be granted and Plaintiff's action dismissed. Plaintiff was subsequently given leave to amend his complaint, after which Defendants'

motions for summary judgment were denied without prejudice. The following allegations are contained in Plaintiff's verified amended complaint. (Dkt. #47).

Defendants Caruso, Armstrong, Smith, Klinesmith, and Wyma denied Plaintiff a "religious diet of grape juice and unleavened bread with no leaven on his trays" during Passover. Plaintiff asserts that other religions are accommodated with religious diets, "but not Judaic Christians." Plaintiff further asserts that "observance of the Passover and Days of Unleavened Bread are central to [his] religion and his religious exercise has been substantially burdened." Plaintiff asserts that Defendants' conduct violated his First Amendment right to freely exercise his religion, his Fourteenth Amendment right to equal protection, and substantially burdened his ability to exercise his religion in violation of RLUIPA.

Plaintiff asserts that Defendants Armstrong, Smith, Norwood, Sanchez, and Wyma refused to provide him with "Judaic literature, namely Hebrew calendars" and also "refus[ed] to relay to him the dates of the 2008 Fall Holy Days." Plaintiff asserts that "not knowing the dates place[s] a substantial burden on [his] religious exercise." Plaintiff alleges that Defendants' conduct violated his First Amendment right to freely exercise his religion, his Fourteenth Amendment right to equal protection, and substantially burdened his ability to exercise his religion in violation of RLUIPA.

Plaintiff next alleges that Defendant Klinesmith rejected "numerous grievances at Step I with improper and malicious motive." Plaintiff also asserts that Defendant Klinesmith "has not timely returned grievance responses." Plaintiff asserts that Defendant Klinesmith's actions violated his First Amendment "right to the redress of grievances." Defendants have again moved for relief asserting that they are entitled to summary judgment and/or that Plaintiff's allegations fail to state a claim upon which relief may be granted.

## **STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See Bower v. Federal Exp. Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

To prevail on a Rule 12(b)(6) motion, Defendant must demonstrate that it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. As the Supreme Court recently stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 545. As the Court subsequently explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case,

and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving

party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record

contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.      RLUIPA**

Plaintiff has sued Defendants in their official and personal capacities, alleging, in part, that they substantially burdened his ability to exercise his religion in violation of RLUIPA. Plaintiff seeks declaratory, injunctive, and monetary relief.

### A.      Plaintiff Cannot Obtain Monetary Damages

To the extent that Plaintiff sues Defendants in their official capacity, any claims for monetary relief are barred by the Eleventh Amendment. *See Cardinal v. Metrish*, 564 F.3d 794, 798-801 (6th Cir. 2009). Plaintiff's claims for monetary damages asserted against Defendants in their personal capacity are likewise defective. *See, e.g., Smith v. Allen*, 502 F.3d 1255, 1271-75 (11th Cir. 2007) ("RLUIPA - a provision that derives from Congress' Spending Power - cannot be construed as creating a private action against individual defendants for monetary damages); *Sharp v. Johnson*, 2008 WL 941686 (W.D. Pa., Apr. 7, 2008) (same). The undersigned recommends, therefore, that Plaintiff's RLUIPA claims seeking monetary relief be dismissed.

B. Plaintiff's Claims for Injunctive and Declaratory Relief

In relevant part, RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). RLUIPA does not define the phrase "substantial burden." Nonetheless, courts have concluded that a "burden" on religious exercise is "substantial" only where such imposes "a significantly great restriction or onus upon such exercise" which "directly coerces the religious adherent to conform his or her behavior accordingly." *Sanders v. Ryan*, 484 F.Supp.2d 1028, 1034 (D. Ariz. 2007) (quoting *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005)); *Konikov v. Orange County, Florida*, 410 F.3d 1317, 1323 (11th Cir. 2005).

To come within the scope of RLUIPA the burden in question must render religious exercise "effectively impracticable." *Marshall v. Frank*, 2007 WL 1556872 at *5 (W.D. Wis., May 24, 2007) (quoting *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)); *see also*, *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise). Moreover, a burden is less than "substantial" where it imposes merely an "inconvenience on religious exercise." *See, e.g., Konikov*, 410 F.3d at 1323. These conclusions recognize that RLUIPA was not intended to create a cause of action in response to every decision which serves to inhibit or constrain religious exercise, as such would render meaningless the word "substantial." *See Civil Liberties for Urban Believers*, 342 F.3d at 761. Plaintiff bears the burden to establish that his ability to exercise his religion has been substantially burdened. *See Kaufman v. Schneiter*, 474 F.Supp.2d 1014, 1025 (W.D. Wis. 2007).

As for Plaintiff's claim that Defendants Armstrong, Smith, Norwood, Sanchez, and Wyma refused to provide him with a Hebrew calendar and refused to "relay to him the dates of the 2008 Fall Holy Days," such does not constitute a substantial burden on Plaintiff's ability to practice his religion. The matters about which Plaintiff complains constitute, at most, mere inconveniences. The Court notes that Plaintiff has not alleged that Defendants thwarted his attempts to purchase a Hebrew calendar with his own money. Instead, Plaintiff simply alleges that Defendants refused to supply him with a Hebrew calendar. The undersigned recommends, therefore, that these particular claims be dismissed for failure to state a claim on which relief may be granted.

As for Plaintiff allegation that he was denied a diet of "grape juice and unleavened bread with no leaven on his trays" during Passover, such constitutes a substantial burden on Plaintiff's ability to exercise his religion. *See, e.g., Heard v. Caruso*, 351 Fed. Appx. 1, 13 (6th Cir., Aug. 27, 2009) ("if Heard's religion requires adherence to a Nation-of-Islam diet, prison officials' refusal to accommodate this diet would impose a substantial burden"). Defendants nonetheless argue that Plaintiff's RLUIPA claims for declaratory and injunctive relief are moot because he has since been transferred to another facility[1] and, moreover, because "there is no showing of a continuing violation of federal law to be remedied through federal court intervention."

Plaintiff has not alleged that his subsequent religious diet requests have been granted and Defendants offer no proof that such is the case. Thus, the assertion that "there is no showing of a continuing violation of federal law" is unpersuasive. As for the argument that Plaintiff's claim is rendered moot because he has since been transferred to another facility, the Court only partly agrees.

---

[1] In his amended complaint, Plaintiff asserts that the actions giving rise to this action occurred while he was incarcerated at the Ionia Maximum Correctional Facility. In his response to the present motion, Plaintiff acknowledges that he has since been transferred elsewhere.

As Defendants recognize, "[a]n inmate's transfer from the facility in question generally moots any claims for equitable and declaratory relief." *Vazquez v. Ragonese*, 2010 WL 3258147 at *2 (3rd Cir., Aug. 18, 2010); *see also*, *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail"). Such a result is certainly appropriate where the prisoner is challenging a prison-specific policy or action. It is also appropriate where the prisoner seeks injunctive relief from individuals who lack the authority to provide the prospective relief sought.

Plaintiff requests that the Court order "Defendants to provide Plaintiff, year by year, [his requested] religious diet." Such is not a prison-specific request. Nevertheless, four of the five Defendants from whom Plaintiff seeks relief lack the authority to approve Plaintiff's request. Plaintiff asserts in his amended complaint that Defendants Smith, Wyma, and Klinesmith are employed at the facility at which he was previously incarcerated and there is neither allegation nor evidence that these Defendants possess the authority to grant Plaintiff the relief he seeks. The same holds true for Defendant Armstrong. While Armstrong is alleged to work in the MDOC Director's office, there is no indication that Defendant Armstrong possesses the authority to grant the relief Plaintiff seeks.

The Court, however, reaches a different conclusion as to Defendant Caruso. It may perhaps be more appropriate for Plaintiff to seek relief against the Special Activities Coordinator, who is tasked with resolving prisoner requests for religious diets. *See* Mich. Dep't. of Corr. Policy Directive 05.03.150 at ¶ SS. Nevertheless, the Court finds that Plaintiff can properly seek relief against Defendant Caruso. As the Director of the Michigan Department of Corrections she certainly possesses the authority to grant Plaintiff the relief he seeks. *See, e.g., Fisher v. Overton*, 2005 WL 1982925 at *2 (E.D. Mich., Aug. 15, 2005) (prisoner's claim for injunctive relief against the Director of the MDOC

not mooted by transfer as his claims were not prison-specific). Accordingly, the undersigned recommends that Plaintiff's claims for declaratory and injunctive relief be dismissed as moot as to Defendants Smith, Wyma, Klinesmith, and Armstrong, but that his claim against Defendant Caruso regarding the denial of his requested religious diet go forward.

**II.         First Amendment**

Plaintiff asserts that Defendants violated his First Amendment right to freely exercise his religion. Specifically, Plaintiff asserts that his First Amendment rights were violated when Defendants failed to: (1) provide him with a diet of "grape juice and unleavened bread with no leaven on his trays" during Passover; (2) supply him with a Hebrew calendar; and (3) inform him of "the dates of the 2008 Fall Holy Days."

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also, Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, 1997 WL 428903 at *2 (6th Cir., July 30, 1997) ("sincerely held religious beliefs require accommodation by prison officials"). Plaintiff's religious beliefs "need not be acceptable, logical, consistent or comprehensible to others in order to merit First Amendment protection." *Thomas v. Review Board of the Indiana Employment*

*Security Division*, 450 U.S. 707, 714 (1981). However, "[o]nly beliefs rooted in religion are protected by the Free Exercise Clause." *Id.* at 713.

### 1. Hebrew Calendar and Fall Holy Days Claim

Plaintiff claims that Defendants refused to provide him with a Hebrew calendar and refused to inform him of the 2008 Fall Holy Days. While Plaintiff enjoys the right to freely practice his religion, such does not obligate prison officials to supply Plaintiff with calendars or remind him which dates are significant to his faith. Again, the Court notes that Plaintiff has not alleged that Defendants thwarted his attempts to purchase a Hebrew calendar with his own money. Instead, Plaintiff merely claims that Defendants refused to supply him with a Hebrew calendar. In sum, Defendants' alleged conduct, even if true, did not infringe upon Plaintiff's beliefs or hinder his ability to practice his religion. The undersigned, therefore, recommends that these particular claims be dismissed for failure to state a claim on which relief may be granted.

### 2. Religious Dietary Claim

Plaintiff asserts that Defendants Caruso, Armstrong, Smith, Klinesmith, and Wyma denied his requests for a religious diet of "grape juice and unleavened bread with no leaven on his trays" during Passover. Defendants assert that they are entitled to relief because Plaintiff has failed to allege sufficient personal involvement to state a claim upon which relief may be granted. The Court agrees as to Plaintiff's claims against Defendants Caruso and Armstrong, but disagrees as to Defendants Smith, Klinesmith, and Wyma.

In his amended complaint, Plaintiff makes no factual allegations against Defendant Armstrong, but merely asserts the conclusion that Armstrong acted in a discriminatory manner. As for Defendant Caruso, Plaintiff asserts a single factual allegation, that she failed to act in response to a letter he sent to her, but otherwise merely asserts the conclusion that she acted in a discriminatory manner. To sustain a § 1983 claim, Plaintiff must allege that a defendant actively engaged in unlawful or unconstitutional behavior. *See Spencer v. Bouchard*, 449 F.3d 721, 730 (6th Cir. 2006) (liability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act, rather liability must be based upon active unconstitutional behavior). Furthermore, the factual allegations in Plaintiff's amended complaint must "raise a right for relief above the speculative level" and "permit the court to infer more than the mere possibility of misconduct." With respect to Defendants Caruso and Armstrong, Plaintiff's allegations fall well short. Accordingly, the undersigned recommends that Plaintiff's First Amendment religious diet claims against Defendants Caruso and Armstrong be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's allegations against Defendants Smith, Klinesmith, and Wyma are, however, sufficient state a claim. Plaintiff alleges that Defendants "refused to forward [his] 2008 religious diet request to the Special Activities Coordinator, per policy, for approval and, thus, denied his request for a religious diet." The Court recognizes that the Special Activities Coordinator is the person tasked with ruling on a prisoner's request for a religious dietary accommodation. *See* Mich. Dep't. of Corr. Policy Directive 05.03.150 at ¶ SS. However, Plaintiff is not alleging that Defendants made the actual decision to deny his request for a religious diet, but is instead asserting that by failing to forward his request to the Special Activities Coordinator, Defendants' actions resulted in his request being denied. Plaintiff has alleged that Defendants actively engaged in behavior the direct result of which resulted in the

deprivation of a constitutional right. Plaintiff's allegations rise above the level of speculation and "permit the court to infer more than the mere possibility of misconduct." Accordingly, the undersigned recommends that Plaintiff's claim that Defendants Smith, Klinesmith, and Wyma violated his First Amendment rights by denying his religious diet requests go forward.[2]

### III. Equal Protection

Plaintiff asserts that his right to equal protection under the law was violated when Defendants Caruso, Armstrong, Smith, Wyma, and Klinesmith failed to: (1) provide him with a diet of "grape juice and unleavened bread with no leaven on his trays" during Passover; (2) supply him with a Hebrew calendar; and (3) inform him of "the dates of the 2008 Fall Holy Days."

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Accordingly, the state "cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat one differently from others similarly situated without any rational basis for the difference." *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 312 (6th Cir. 2005) (citations omitted).

---

[2] Defendants Smith, Klinesmith, and Wyma also assert that they are entitled to qualified immunity as to these claims. Plaintiff's allegations state a claim on which relief may be granted and Defendants have not presented evidence demonstrating the absence of a genuine factual dispute on this point. It was clearly established long before the conduct giving rise to this action that depriving an inmate of the ability to freely exercise his religion violates the First Amendment. Accordingly, the undersigned recommends that Defendants Smith, Klinesmith, and Wyma are not entitled to qualified immunity. *See Pearson v. Callahan*, 129 S.Ct. 808, 815-16 (2009).

1. Hebrew Calendar and Fall Holy Days Claim

Plaintiff's allegation that Defendants failed to provide him with a Hebrew calendar and refused to inform him of the 2008 Fall Holy Days fails to state a claim on which relief may be granted. While the right to freely exercise one's religion is considered a fundamental right for equal protection purposes, *see Bowman v. United States*, 564 F.3d 765, 772 (6th Cir. 2008), failure to provide Plaintiff with a calendar or inform him of the Fall Holy Days does not constitute a burden on Plaintiff's ability to practice his religion. Prisoners are not a suspect class for equal protection purposes. *See Dodson v. Wilkinson*, 304 Fed. Appx. 434, 441 (6th Cir., Dec. 24, 2008). Furthermore, as Plaintiff has not alleged that Defendants provided similar materials to other prisoners he cannot establish that Defendants treated other similarly situated prisoners differently from himself. Accordingly, the undersigned recommends that this claim be dismissed for failure to state a claim upon which relief may be granted.

2. Religious Dietary Claim

Plaintiff asserts that Defendants Caruso, Armstrong, Smith, Klinesmith, and Wyma denied his requests for a religious diet of "grape juice and unleavened bread with no leaven on his trays" during Passover. Plaintiff alleges that "Muslims, Buddhists, and Jewish prisoners are accommodated with religious diets but not Judaic Christians." Defendants assert that they are entitled to relief because Plaintiff has failed to allege sufficient personal involvement to state a claim upon which relief may be granted.

Plaintiff makes no factual allegations in his amended complaint against Defendant Armstrong, but merely asserts the conclusion that he acted in a discriminatory manner. With respect to Defendant Caruso, Plaintiff asserts only that she failed to act in response to a letter he sent to her, but

otherwise merely asserts the conclusion that she acted in a discriminatory manner. As previously noted, Plaintiff must allege that Defendants actively engaged in unlawful or unconstitutional behavior. The factual allegations in Plaintiff's amended complaint must "raise a right for relief above the speculative level" and "permit the court to infer more than the mere possibility of misconduct." With respect to Defendants Caruso and Armstrong, Plaintiff's allegations fall well short. Accordingly, the undersigned recommends that Defendants Caruso and Armstrong are entitled to relief as to this claim.

With respect to Defendants Smith, Klinesmith, and Wyma, the Court again reaches the opposite conclusion. As discussed above, Plaintiff alleges that Defendants actively engaged in behavior the direct result of which burdened a fundamental right without a lawful basis. Plaintiff further asserts that the members of other faith groups "are accommodated with religious diets." The undersigned, therefore, recommends that Plaintiff's claim that Defendants Smith, Klinesmith, and Wyma violated his Equal Protection rights by denying his religious diet requests go forward.[3]

**IV.        Redress of Grievances**

Plaintiff alleges that Defendant Klinesmith rejected "numerous grievances at Step I with improper and malicious motive" and "has not timely returned grievance responses." Plaintiff asserts that Defendant Klinesmith's actions violated his First Amendment "right to the redress of grievances."

---

[3] Defendants Smith, Klinesmith, and Wyma also assert that they are entitled to qualified immunity as to these claims. Plaintiff's allegations state a claim on which relief may be granted and Defendants have not presented evidence demonstrating the absence of a genuine factual dispute on this point. It was clearly established long before the conduct giving rise to this action that the conduct alleged violates the Constitution. Accordingly, the undersigned recommends that Defendants Smith, Klinesmith, and Wyma are not entitled to qualified immunity. *See Pearson v. Callahan*, 129 S.Ct. 808, 815-16 (2009).

To the extent that Plaintiff is simply unhappy with the results he obtained through the prison grievance process, Defendants are entitled to relief because prisoners have no constitutional right to a prison grievance procedure. *See, e.g., Bartelli v. Jones*, 231 Fed. Appx. 129, 132 (3rd Cir., Apr. 16, 2007) ("a state grievance procedure does not confer any substantive constitutional right upon prison inmates"). To the extent that Plaintiff complains that Defendant's conduct violated his right of access to the courts, the result is the same, as Plaintiff has not alleged that he has suffered "an actual litigation related injury or legal prejudice because of the actions of the defendants." *Erdman v. Martin*, 52 Fed. Appx. 801, 803 (6th Cir., Dec. 12, 2002) (citing *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996)). Accordingly, the undersigned recommends that Defendant Klinesmith is entitled to summary judgment as to this claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants Caruso, Armstrong, Smith, Norwood, Wyma, Sanchez, and Klinesmith's Renewed Motion for Summary Judgment</u>, (dkt. #48), be **granted in part and denied in part**. Specifically, the undersigned recommends that: (1) Plaintiff's RLUIPA claims seeking monetary relief be dismissed; (2) Plaintiff's RLUIPA claims seeking injunctive and declaratory relief be dismissed except as to Plaintiff's religious diet claim against Defendant Caruso; (3) Plaintiff's First Amendment free exercise claims be dismissed except his religious diet claims against Defendants Smith, Klinesmith, and Wyma; (4) Plaintiff's Equal Protection claims be dismissed except his religious diet claims against Defendants Smith, Klinesmith, and Wyma; (5) Plaintiff's First Amendment claims for redress of grievances be dismissed; and (6)

Defendants Smith, Klinesmith, and Wyma are not entitled to qualified immunity as to Plaintiff's Free Exercise religious diet claims or Equal Protection religious diet claims.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 18, 2011   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge