UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WAYNE ANNABEL,

    Plaintiff,

v

PATRICIA CARUSO, et al.,

    Defendants.
_____/

Case No. 1:09-cv-176

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Defendants' alleged violations of Plaintiff's First Amendment right to freedom of religion, Fourteenth Amendment equal protection right, First Amendment "right to the redress of grievances," and rights established by the Religious Land Use and Institutionalized Persons Act (RLUIPA). Defendants filed a renewed motion for summary judgment on June 9, 2010. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that Defendants' motion be granted in part and denied in part (R & R, Dkt 80). An Amended Report and Recommendation was issued four days later, again recommending that the motion be granted in part and denied in part (Am. R & R, Dkt 81).

The matter is presently before the Court on Plaintiff's Objections to the Report and Recommendation (Pl. Obj., Dkt 83), Defendants' Objections to the Report and Recommendation (Def. Obj., Dkt 85) and Defendants' Appeal of the Magistrate Judge's Order Denying Discovery Stay (Def. App., Dkt 87). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3),

the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies the appeal as moot, and issues this Opinion and Order.

A. Plaintiff's Objections

Plaintiff first objects to the Magistrate Judge's finding that Plaintiff is not entitled to monetary damages based on his RLUIPA claims (Dkt 83 at 1). Plaintiff, however, acknowledges that the case relied on by the Magistrate Judge, *Cardinal v. Metrish*, 564 F.3d 794 (6th Cir. 2009), establishes binding precedent, which this Court is required to follow (*id.*). Plaintiff asserts "that the state has waived its Eleventh Amendment immunity by its acceptance of federal funds," and that he is merely preserving this issue for appeal (*id.*). Plaintiff points to no error by the Magistrate Judge. The Court declines to address this issue, and the objection is therefore denied.

Plaintiff next objects to the Magistrate Judge's finding that Plaintiff's claim that he was not provided a Hebrew calendar fails to establish that he suffered a substantial burden on his ability to practice his religion (Dkt 83 at 2; Dkt 81 at 8). Plaintiff asserts that the Magistrate Judge erred in finding that "Plaintiff has not alleged that Defendants thwarted his attempts to purchase a Hebrew calendar with his own money" (Dkt 83 at 2; Dkt 81 at 8). Plaintiff notes that the Amended Complaint states that Defendants refused to relay to him the dates of the Fall Holy Days "'when [Plaintiff's] property was not available to him'" (Dkt 83 at 2) (quoting Dkt 47 at 3). Plaintiff asserts that this statement, coupled with his allegation of hostility on Defendants' part, was sufficient to allege that Defendants prevented him from obtaining a Hebrew calendar (Dkt 83 at 2). Plaintiff supplements this claim by stating that "Defendants and their co-workers withheld his property, which included the address to the only place he knew he could write for a [Hebrew] calendar, and

made no attempt to restore it when initially requested" (*id.*). Plaintiff's new factual allegations are unpersuasive and, even if true, do not suffice to transform Defendants' alleged actions into a substantial burden on Plaintiff's ability to practice religion. Plaintiff's objection is denied.

In his third objection, Plaintiff objects to the Magistrate Judge's recommendation that "Plaintiff's [RLUIPA] claims for declaratory and injunctive relief be dismissed as moot as to Defendants Smith, Wyma, Klinesmith, and Armstrong" (Dkt 81 at 10). Plaintiff acknowledges that the Magistrate Judge correctly stated that only Defendant Caruso and the Special Activities Coordinator have authority to make decisions as to Plaintiff's dietary requests (Dkt 83 at 2). Plaintiff asserts, however, that Defendants Smith, Klinesmith and Wyma "refus[ed] to forward his request and [took] it upon themselves to further violate policy by denying it" (*id.*). Plaintiff further asserts that "Defendant Armstrong did likewise when he informed Plaintiff that policy did not require such accommodations" and that "[t]he Special Act. Coord. is not a party because the defendants never gave him the opportunity to even review and deny the request" (*id. at 3*). Plaintiff misunderstands the basis of the Magistrate Judge's findings. Regardless whether Defendants Smith, Klinesmith, Wyma and Armstrong were involved in or caused the deprivation of Plaintiff's rights, only Defendant Caruso has the authority to provide Plaintiff the relief he seeks, and the Magistrate Judge permitted Plaintiff's claim against Defendant Caruso to proceed. As a result, the Magistrate Judge's finding that Plaintiff's RLUIPA claim for injunctive and declaratory relief be dismissed as to all Defendants except for Defendant Caruso was proper.

In Plaintiff's fourth objection, titled "Respondeat Superior," Plaintiff appears to be challenging the Magistrate Judge's finding that Plaintiff's First Amendment claims be dismissed as to Defendants Caruso and Armstrong (Dkt 83 at 3; Dkt 81 at 12). However, liability of supervisory

3

employees under § 1983 "will not be imposed solely upon the basis of respondeat superior." *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005). "'At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Id.* (citations omitted).

As the Magistrate Judge properly noted, Plaintiff only made one factual allegation against Defendant Caruso, claiming that she failed to act in response to a letter sent by Plaintiff (Dkt 81 at 12). Plaintiff does not object to this finding, but alleges that "*it would seem*, with [Defendants Armstrong and Caruso] being familiar with [Plaintiff's] situation, that they personally condoned and encouraged it" (Dkt 83 at 3) (emphasis added). Plaintiff further asserts that "Defendant Armstrong directly participated when he stated that policy did not mandate the religious diet" (*id.*). However, no such allegation was contained in Plaintiff's Amended Complaint, and the Magistrate Judge properly found that Plaintiff had made no factual allegations against Defendant Armstrong (Dkt 81 at 12). Even if true, however, this single statement by Defendant Armstrong is not sufficient to establish that he "'condoned, encouraged, or knowingly acquiesced in the alleged unconstitutional misconduct.'" *Turner*, 412 F.3d at 643 (citation omitted). Despite Plaintiff's conclusory allegations to the contrary, Plaintiff has failed to allege facts sufficient to state a claim against Defendants Caruso and Armstrong. This objection is denied.

Plaintiff's fifth objection is that his transfer to a new correctional facility does not moot his claims, because he may be transferred back in the future, and because he has alleged "a state-wide issue" (Dkt 83 at 3). However, as the Magistrate Judge properly noted, "'[a]n inmate's transfer from the facility in question generally moots any claims for equitable and declaratory relief'" (Dkt 81 at 9) (quoting *Vazquez v. Ragonese*, No. 09-1356, 2010 WL 3258147, at *2 (3rd Cir. Aug. 18, 2010)).

4

Further, Plaintiff is not left without recourse as to any alleged state-wide issue, as the Magistrate Judge properly found that Defendant Caruso, the Director of the Michigan Department of Corrections, has authority to grant Plaintiff the relief that he seeks and, as such, Plaintiff's complaint as to Defendant Caruso is not moot.

In Plaintiff's sixth objection, Plaintiff asserts that his "claims do not hinge on prisoners being a suspect class; rather, they hinge on him being of a religious class being discriminated against in relation to other prisoners of different but comparable religious classes" (Dkt 83 at 3). However, the Magistrate Judge noted that Plaintiff's right to free exercise of his religion is a fundamental right (Dkt 81 at 14). The Magistrate Judge also properly found that "as Plaintiff has not alleged that Defendants provided similar materials to other prisoners he cannot establish that Defendants treated other similarly situated prisoners differently from himself" (*id.*). *See Barhite v. Caruso*, No. 09-1312, 2010 WL 1957493, at *3-4 (6th Cir. May 14, 2010) (quoting *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003)) (noting that to establish an equal protection claim for discrimination based on religious beliefs, a prisoner "would still have to show that 'similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest'"). Plaintiff's objection is, therefore, denied.

In his final objection, Plaintiff objects to the Magistrate Judge's finding that Plaintiff has failed to state a claim against Defendant Klinesmith for allegedly maliciously and improperly rejecting Plaintiff's grievances and returning grievance responses in an untimely manner (Dkt 83 at 4; Dkt 81 at 15-16). Plaintiff fails to identify any factual or legal error in the Magistrate Judge's analysis, but objects "on the same grounds as in [the] Renewed Brief in Opposition" (Dkt 83 at 4). Plaintiff goes on to make a conclusory statement that, "since it is well established that officials may

5

not retaliate against a prisoner for filing a grievance, that they also cannot maliciously deprive him of the kind of review that a properly filed grievance should be afforded in accordance with established grievance procedures" (*id.*). Plaintiff offers no support for this argument. The Magistrate Judge properly found that "prisoners have no constitutional right to a prison grievance procedure" and that Plaintiff failed to allege any injury sufficient to establish a claim based on violation of his right of access to the courts (Dkt 81 at 16). Plaintiff's objection is, therefore, denied.

B. Defendants' Objections

Defendants set forth objections to four of the Magistrate Judge's findings as follows: (1) that Plaintiff has stated a claim for equitable relief under RLUIPA against Defendant Caruso; (2) that Plaintiff has stated a First Amendment claim against Defendants Klinesmith, Smith and Wyma; (3) that Plaintiff has stated an Equal Protection claim against Defendants Klinesmith, Smith and Wyma; and (4) that Defendants are not entitled to qualified immunity. All four of Defendants' objections are based on the same argument, that Plaintiff "did not properly follow through with Michigan Department of Corrections Operating Procedure 05.03.150A, 'Kosher Meal Programs'" (Dkt 85 at 2-5). Defendants have submitted an affidavit from Chaplain Gerry Wyma in support of this argument (Dkt 85, Att. 3). Because Defendants assert this argument for the first time at this late stage, the Magistrate Judge had no opportunity to evaluate this claim. The Sixth Circuit Court of Appeals has "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver." *Glidden Co. v. Kinsella*, 386 Fed. App'x 535, 544 n.2 (6th Cir. July 15, 2010) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

6

The Court notes that there have been numerous pleadings in this case and multiple evaluations by the Magistrate Judge.[1] Despite this fact, Defendants failed to raise this argument until now, over 22 months after the initial complaint. In response, Plaintiff has filed a Second Motion to Amend Complaint, asserting that "Plaintiff does not seek a fully Kosher diet" (Dkt 92 at 1).[2] Because Defendants assert this argument for the first time at this stage of the case and Plaintiff disputes Defendants' assertions, this matter is not properly resolved in Defendants' favor on objections to the Report and Recommendation. The Court therefore denies Defendants' Objections.

C. Defendants' Appeal of Denial of Discovery Stay

Defendants filed an Appeal of the Magistrate Judge's Order Denying Discovery Stay on January 28, 2011, requesting that the Court overrule the Magistrate Judge's Order because the Court has not yet addressed the Defendants' Objections to the Magistrate Judge's Report and Recommendation and, as such, Defendants are entitled to a stay of discovery while their motion is still pending (Dkt 87 at 4). Because the Court now adopts the Magistrate Judge's Report and Recommendation and denies Defendants' Objections, Defendants' Motion is no longer pending and Defendants' Appeal is moot.

---

[1]The initial Complaint (Dkt 1) was followed by two Motions for Summary Judgment (Dkts 22, 25) and a Report and Recommendation (Dkt 36) by the Magistrate Judge. Following this, Plaintiff filed a Motion to Amend (Dkt 40) and an Amended Complaint (Dkt 47), which was followed by a Renewed Motion for Summary Judgment (Dkt 48), a Report and Recommendation (Dkt 80) and an Amended Report and Recommendation (Dkt 81), which is the subject of this review. In addition, several miscellaneous motions have been filed, including motions related to preliminary injunctive relief and discovery.

[2]The Magistrate Judge denied the amendment as unnecessary (Dkt 95).

D.  Conclusion

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 210-11 (2007)).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 83) and Defendants' Objections (Dkt 85) are DENIED and the Report and Recommendation (Dkt 81) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Appeal (Dkt 87) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 48) is GRANTED IN PART and DENIED IN PART; Defendants' Motion is **granted** as to Plaintiff's RLUIPA claims seeking monetary relief; **granted** as to Plaintiff's RLUIPA claims seeking injunctive and declaratory relief **except** as to Plaintiff's religious diet claim against Defendant Caruso; **granted** as to Plaintiff's First Amendment free exercise claims **except** as to his religious diet claims against Defendants Smith, Klinesmith and Wyma; **granted** as to Plaintiff's Equal Protection claims **except** as to his religious diet claims against Defendants Smith, Klinesmith and Wyma; and **granted** as to Plaintiff's First Amendment claims for redress of grievances.

**IT IS FURTHER ORDERED** that Defendants Smith, Klinesmith and Wyma are not entitled to qualified immunity as to Plaintiff's First Amendment free exercise religious diet claims or Equal Protection religious diet claims.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Order would not be taken in good faith.


Dated: April 12, 2011                             /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge