UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

        Plaintiff,                              Hon. Janet T. Neff

v.                                              Case No. 1:09-CV-176

PATRICIA CARUSO, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Fourth Motion for Preliminary Injunction. (Dkt. #120). Plaintiff initiated this action on March 2, 2009, alleging that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), as well as his First Amendment rights to freely practice his religion and access the courts. (Dkt. #1). Plaintiff now moves the Court to enter a preliminary injunction ordering Defendants to provide him with "a religious diet of grape juice and unleavened bread." Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction

would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest.  *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion.  *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff has submitted no evidence in support of his motion for injunctive relief and has not established that he is likely to prevail in this matter.  Plaintiff has also failed to establish that he will suffer *irreparable* injury if his request for injunctive relief is denied.  The Court further concludes that it would be contrary to the public interest for the Court to unnecessarily interject itself into the day-to-day operations of a state correctional facility.

## **CONCLUSION**

For the reasons articulated herein, the Court recommends that Plaintiff's Fourth Motion for Preliminary Injunction (Dkt. #120), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 29, 2011              /s/ Ellen S. Carmody
                                     ELLEN S. CARMODY
                                     United States Magistrate Judge