UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

    Plaintiff,                                     Hon. Janet T. Neff

v.                                                Case No. 1:09-CV-176

PATRICIA CARUSO, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for TRO/Preliminary Injunction for Access to the Courts. (Dkt. #141). Plaintiff initiated this action on March 2, 2009, alleging that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), as well as his First Amendment rights to freely practice his religion and access the courts. (Dkt. #1). Plaintiff now moves the Court to enter an order "to enjoin defendants and all agents operating in concert with them from interfering with, or denying Prisoner the means of, reasonable and adequate access to the courts."

To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction

would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest.  *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

The vast majority of Plaintiff's motion concerns matters unrelated to the requested relief, including Plaintiff's allegation that defense counsel "is a Satanist bent on oppressing all worship of God."  To the extent that Plaintiff's motion addresses matters relevant to his requested relief, Plaintiff laments perceived shortcomings which he experienced while receiving psychiatric treatment at the Woodland Correctional Center.  As Defendants observe, however, Plaintiff is no longer housed at the Woodland Correctional Center.  Thus, Plaintiff has failed to allege that he is presently experiencing interference with his right of access to the courts.  It should also be noted that Plaintiff has submitted absolutely no evidence in support of his request, but instead relies exclusively on the allegations in his unsworn pleading.

In sum, Plaintiff has failed to identify any issue on which he is likely to prevail.  Plaintiff has failed to establish that he will suffer irreparable harm in the absence of the requested relief.  The Court further concludes that it would be contrary to the public interest for the Court to unnecessarily interject itself into the day-to-day operations of a state correctional facility.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Plaintiff's Motion for TRO/Preliminary Injunction for Access to the Courts, (dkt. #141), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  February 21, 2012

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge