UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL, II, #414234,

    Plaintiff,                                              Hon. Janet T. Neff

v.                                                           Case No. 1:09-cv-176

PATRICIA CARUSO, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Enforce Settlement Agreement. (ECF No. 234).  Plaintiff initiated this action on March 2, 2009, alleging violations of his right to freely practice his religious faith.  (ECF No. 1).  The parties subsequently agreed to settle the matter and the matter was dismissed.  (ECF No. 232; ECF No. 243-2 at PageID.1290-93).  Alleging that Defendants are not complying with the terms of their settlement agreement, Plaintiff now moves the Court to enforce its terms.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), the Court held that enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378.  Absent an independent jurisdictional basis, a federal district court possesses jurisdiction to enforce a settlement agreement only where: (1) the order of dismissal indicates that the court retains jurisdiction over the matter, or (2) the terms of the settlement agreement are incorporated into the order of dismissal.  *See Hehl v. City of Avon Lake*, 90 Fed. Appx. 797, 801 (6th Cir., Jan. 20, 2004).

An independent basis to exercise jurisdiction over Plaintiff's motion is not present. Diversity of citizenship does not exist and Plaintiff seeks merely to enforce the contract into which he and Defendants entered which is a matter of state law.  Moreover, the Court did not retain jurisdiction to resolve disputes concerning the settlement agreement.  The Order dismissing this matter neither provides for the Court to retain jurisdiction nor incorporates the terms of the settlement agreement. (ECF No. 232).  Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion to Enforce Settlement Agreement</u>, (ECF No. 234), be **denied**.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  May 24, 2017

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge